# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Richmond Division

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | Case Number: 3:21cr141-3 (DJN) |
| MOHAMMAD JIBAWI, DEFENDANT | ) | USM Number: 82578-509 |
| | ) | Elliott M. Harding |
| | ) | Defendant's Attorney |

The defendant pleaded guilty to Counts One, Three and Six of the Indictment.

The defendant is adjudged guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1349 | Conspiracy to Commit Wire and Bank Fraud | 2022 | 1 |
| 18:1030(a)(4) & 2 | Accessing protected computer in furtherance of fraud | 2018 | 3 |
| 18:1343 & 2 | Wire Fraud | 2019 | 6 |

The defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 2, 4-5, 7, 12-13 and 14 of the Indictment are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 20, 2022
Date of Imposition of Judgment



/s/
Signature of Judge

David J. Novak, United States District Judge
Name and Title of Judge

December 20, 2022
Date

Case Number: 3:21cr141-3 (DJN)
Defendant's Name: JIBAWI, MOHAMMAD

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of EIGHTY-SEVEN (87) MONTHS. THIS SENTENCE CONSISTS OF EIGHTY-SEVEN (87) MONTHS ON EACH OF COUNTS ONE AND SIX AND A TERM OF SIXTY (60) MONTHS ON COUNT THREE, TO RUN CONCURRENTLY. Pursuant to *Setser v. United States*, 132 S. Ct. 1463 (2012), this sentence shall be served consecutive to any sentence that he may receive in any pending state case matter.

The Court makes the following recommendations to the Bureau of Prisons:
1. Designate defendant to a facility near family located in Chicago.
2. Vocational training.
3. BOP 500-hr intensive drug treatment program.

The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number: 3:21cr141-3 (DJN)
Defendant's Name: JIBAWI, MOHAMMAD

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of THREE (3) YEARS ON EACH OF COUNTS ONE, THREE, AND SIX TO BE SERVED CONCURRENTLY.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case Number: 3:21cr141-3 (DJN)  
Defendant's Name: JIBAWI, MOHAMMAD

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov

Defendant's Signature _____ Date

Case Number: 3:21cr141-3 (DJN)  
Defendant's Name: JIBAWI, MOHAMMAD

# SPECIAL CONDITIONS OF SUPERVISION

1) If the defendant tests positive for controlled substances or shows signs of alcohol abuse, the defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.
2) The defendant shall provide the probation officer with access to any requested financial information.
3) The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; or in a lesser amount to be determined by the Court upon the recommendation of the probation officer.
4) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

Case Number: 3:21cr141-3 (DJN)
Defendant's Name: JIBAWI, MOHAMMAD

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 1,072,939.93 | $ NA | $ NA | $ NA |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Synchrony Bank | $934,011.74 | $934,011.74 |  |
| West Creek | $138,928.19 | $138,928.19 |  |
| **TOTALS** | $1,072,939.93 | 1,072,939.93 | $ |

☒ Restitution amount ordered pursuant to plea agreement  $1,072,939.93

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for the ☐ fine ☒ restitution.

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Payments of Restitution are to made payable to the Clerk, United States District Court, Eastern District of Virginia.**

| Case Number: | 3:21cr141-3 (DJN) |
|---|---|
| Defendant's Name: | JIBAWI, MOHAMMAD |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $_____ due immediately, balance due
    ☐ not later than _____, or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☒ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☒ Payment in equal monthly installments of $25.00 to commence 60 days after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The Court's Restitution Order [ECF No. 224] is incorporated here by reference. Defendant shall pay restitution according to the payment schedule and all other conditions established in that Order [ECF No. 224]). Defendant shall pay any other criminal monetary penalties according to (B) and (D), laid out above.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

☒ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| Mahmoud Aljibawi – 3:21cr141-1 | 1,288,234.84 | 1,288,234.84 | |
| Alaelddin Aljibawi – 3:21cr141-2 | 1,209,051.80 | 1,209,051.80 | |
| Mohammad Jibawi – 3:21cr141-3 | 1,072,939.93 | 1,072,939.93 | |
| Wael Jibawi – 3:21c141-4 | 1,789,577.78 | 1,789,577.78 | |
| Jamel Eljebawe – 3:21cr141-5 | 500,663.20 | 500,663.20 | |

| Case Number: | 3:21cr141-3 (DJN) |
| Defendant's Name: | JIBAWI, MOHAMMAD |

| | | |
|---|---|---|
| Yanal Khrisat – 3:21cr414-6 | 235,908.12 | 235,908.12 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
SEE THE COURT'S FORFEITURE ORDER [ECF NO. 83] ENTERED 4/13/2022, WHICH IS INCORPORATED HEREIN BY REFERENCE

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.